**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| COLLINS ASSET GROUP, LLC, | Case No. 25-10994 (LSS) |
| Debtor. | |
| In re: | Chapter 7 |
| HOLLINS HOLDINGS, INC., | Case No. 25-10995 (LSS) |
| Debtor. | |

**WITNESS DESIGNATION AND OBJECTIONS OF OLIPHANT, INC.,
OLIPHANT FINANCIAL, LLC, ACCELERATED INVENTORY
MANAGEMENT, LLC, AND OLIPHANT USA, LLC TO PLAINTIFFS' AND
RECEIVER FOR FERRUM CAPITAL, LLC'S NOTICE OF DEPOSITION IN
CONNECTION WITH MATTERS SCHEDULED FOR THE JULY 17, 2025 HEARING
PURSUANT TO FED. R. CIV. P. (30)(B)(6) AND FED. R. BANKR. P. 7030 & 9014**

Oliphant, Inc., Oliphant Financial, LLC, Accelerated Inventory Management, LLC and

Oliphant USA, LLC (collectively the "Oliphant Entities") submit this *Witness Designation and*

*Objections to Plaintiffs' and Receiver of Ferrum Capital, LLC's Notices of Deposition in*

*Connection with Matters Scheduled for the July 17, 2025, Hearing Pursuant to Fed. R. Civ. P.*

*30(B)(6) and Fed. R. Bankr. P. 7030 & 9014* (Case No. 25-10994-LSS, Docket No. 41 and Case

No. 25-10995-LSS, Docket No. 38) (collectively, the "Notice") and state as follows:

### I.       WITNESS DESIGNATION

1.  Subject to the Objections below, the Oliphant Entities designate Daniel Laux to testify on

their behalf by Zoom or other remote means.

17423738/1

## II.    GENERAL OBJECTIONS

### A.  The Notice Fails to Comply with Rule 30(b)(6) and Local Rule 7026-1(a)

1.  The Notice fails to comply with Rule 30(b)(6) in that neither the Plaintiffs nor the Receiver attempted to confer in good faith with the Oliphant Entities prior to or promptly after the Notice was served.  In addition, the Notice does not provide a reasonable time for compliance. Mr. Laux will appear at a mutually agreed date and time.

2.  Rule 7026-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") expects parties to "confer and attempt in good faith to reach an agreement cooperatively on how to conduct discovery," and "use reasonable, good faith and proportional efforts including to preserve including to preserve, identify and produce relevant information."  The Debtors failed to confer in accordance with Local Rule 7026-1(a) to cooperate and seek proportionate discovery relating to their Notice.

### B.  General Objections

1.  The Oliphant Entities object to the Notice on the grounds that it is overly broad, burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.

2.  The Oliphant Entities object to the Notice on the grounds that it seeks information that is not within the possession, custody or control of the Oliphant Entities.

3.  The Oliphant Entities object to the Notice on the grounds that it seeks discovery of the information protected by the attorney client privilege, the work product doctrine and the doctrine protecting information prepared in anticipation of litigation.

### C. Objection to Matters on which Examination is Requested.

1. The location of the Oliphant Parties' and the Debtors' respective offices, operations, officers, managers, employees, and assets and a description or identification of each of the foregoing.

**Objection:** Subject to the General Objections, the Oliphant Entities further object to this request on the grounds that Mr. Laux is not designated as a representative of the Debtors and will not provide testimony regarding the Debtors in response to this request.

2. The business the Oliphant Parties and the Debtors have, respectively, conducted in Delaware since 2017, with identification of the contracts and contracting parties in that business.

**Objection:** Subject to the General Objections, the Oliphant Entities further object to this request on the grounds that Mr. Laux is not designated as a representative of the Debtors and will not provide testimony regarding the Debtors in response to this request.

3. The business the Oliphant Parties and the Debtors have, respectively, conducted in Texas in the period since 2017.

**Objection:** Subject to the General Objections, the Oliphant Entities further object to this request on the grounds that Mr. Laux is not designated as a representative of the Debtors and will not provide testimony regarding the Debtors in response to this request.

4. Comparison of the volume of the Debtors' business and activities since 2017 in Texas to those in Delaware. Same topic with respect to the Oliphant Parties.

**Objection:** Subject to the General Objections, the Oliphant Entities further object to this request on the grounds that Mr. Laux is not designated as a representative of the Debtors and will not provide testimony regarding the Debtors in response to this request.

5. The authenticity and substance of the CAG-Ferrum Capital Promissory Notes; whether the Oliphant Parties dispute the contention that each of the promissory notes has a venue or forum selection clause; the situs or location for litigation between the Debtors and Ferrum Capital according to the venue or forum selection clause(s) therein; and where the Oliphant Parties contend the business and transactions between the Debtors and Ferrum Capital was or were conducted when those promissory notes were made.

**Objection:** Subject to the General Objections, Oliphant Entities further object to this request on the grounds that Mr. Laux is not designated as a representative of the Debtors and will not provide testimony regarding the Debtors in response to this request.

6. Where the Oliphant Parties contend the Plaintiffs live.

**Objection:** Subject to the General Objections, the Oliphant Entities object to designating a representative to testify with respect to this topic.

7. Whether the Oliphant Parties dispute that a state court in Texas appointed the Receiver or disputes that John Patrick Lowe is the Receiver under such a court order; and if the Oliphant Parties dispute either, the facts and circumstances on which the Oliphant Parties base the dispute.

**Objection:** Subject to the General Objections, the Oliphant Entities object to designating a representative to testify with respect to this topic.

8. Where the Oliphant Parties contend the Receiver lives and works and where the Oliphant Parties contend the receivership of Ferrum Capital and Ferrum IV, LLC is based.

**Objection:** Subject to the General Objections, the Oliphant Entities object to designating a representative to testify with respect to this topic.

9.      Where the Oliphant Parties contend litigation involving the Debtors, the Oliphant Parties, the Receiver, and Plaintiffs has occurred and been conducted before the Debtors filed their petitions commencing these Chapter 7 Cases.

**Objection:** Subject to the General Objections, the Oliphant Entities object to designating a representative to testify with respect to this topic.

10.      If the Oliphant Parties contend it is in any way better, more efficient, more proper, or preferable for the Chapter 7 Cases to proceed in this bankruptcy court in Delaware, the facts and circumstances on which the Oliphant Parties base that contention and the persons or parties interested in the cases, who the Oliphant Parties contend are benefitted from these Chapter 7 Cases proceeding in this bankruptcy court in Delaware.

**Objection:** Subject to the General Objections, please see the Oliphant Entities' Objection to the Motion to Transfer Venue.

11.      The authenticity and substance of the Consent of the sole member and manager of CAG submitted with its petition commencing its Chapter 7 Case; identification, authentication, and the substance of the materials presented to management regarding the strategic alternatives available for CAG referred to in that Consent; who management is or was as referred to in that Consent; and where Colin Conway and Daniel Laux were located when they signed that Consent.

**Objection:** Subject to the General Objections, the Oliphant Entities object to designating a representative to testify with respect to this topic.

12.      The authenticity and substance of the Consent of the sole director of Hollins Holdings, Inc. submitted with its petition commencing its Chapter 7 Case; identification, authentication, and the substance of the materials presented to management regarding the strategic alternatives available for Hollins Holdings, Inc. referred to in that Consent; who management is or

was as referred to in that Consent; and where Colin Conway was located when he signed that Consent.

**Objection:** Subject to the General Objections, the Oliphant Entities object to designating a representative to testify with respect to this topic.

13. The authenticity and substance of the Oliphant-CAG Promissory Notes; whether the Oliphant Parties dispute the contention that those promissory notes have a venue or forum selection clause; the situs or location for any litigation between the Debtors and the Oliphant Parties according to the venue or forum selection clause(s); and where the business of the Debtors and the Oliphant Parties was conducted or located when those promissory notes were made.

**Objection:** Subject to the General Objections, the Oliphant Entities do not contest the authenticity of the Oliphant-CAG Notes, which speak for themselves. The Oliphant Entities further object to this request on the grounds that Mr. Laux is not designated as a representative of the Debtors and will not provide testimony regarding the Debtors in response to this request.

14. Similarly, as to Topic No. 13, but for the CAG-Heller promissory notes; and similarly, as to Topic No. 13, but for any other secured promissory notes by the Debtors to any other secured lender.

**Objection:** Subject to the General Objections, the Oliphant Entities further object to this request on the grounds that Mr. Laux is not designated as a representative of the Debtors and will not provide testimony regarding the Debtors in response to this request.

15. The facts, circumstances, and reasons on which the Chapter 7 Trustee bases his opposition to the Venue Motion.

**Objection:** Subject to the General Objections, the Oliphant Entities object to designating a representative to testify with respect to this topic.

16. The Chapter 7 Trustee's communications with the Oliphant Parties (in the Chapter 7 Cases, including with the Oliphant Parties' owners, managers, and/or counsel) about the Chapter 7 Cases, the advantages and reasons for and against retaining the cases in Delaware and for and against transferring the cases to Texas, and the Chapter 7 Trustee's *Notice to Change Case from No Asset to Asset and Request to the Clerk to Fix Bar Date* (Case No. 25-10994-LSS, Docket No. 24); Case No. 25-10994-LSS, Docket No. 22). Same topic with respect to the Oliphant Parties' communications with the Debtors.

**Objection:** Subject to the General Objections, the Oliphant Entities object to designating a representative to testify with respect to this topic.

17. Monies owed by the Oliphant Parties to CAG for portfolio account lien releases executed prepetition.

**Objection:** Subject to the General Objections, the Oliphant Entities object to designating a representative to testify with respect to this topic.

18. The factual basis for the Oliphant Parties' position that venue of these Chapter 7 Cases should not be transferred to the Western District of Texas in the interest of justice.

**Objection:** Subject to the General Objections, Mr. Laux is designated to testify with respect to any factual statements contained in the Oliphant Entities' Opposition to the Motion to Transfer Venue that fall within his knowledge as a representative of the Oliphant Entities. Mr. Lauz will not testify with respect to any legal arguments.

19. The factual basis for the Oliphant Parties' position that venue of these Chapter 7 Cases should not be transferred to the Western District of Texas for the convenience of the parties.

**Objection:**  Subject to the General Objections, Mr. Laux is designated to testify with respect to any factual statements contained in the Oliphant Entities' Opposition to the Motion to Transfer Venue that fall within his knowledge as a representative of the Oliphant Entities. Mr. Laux will not testify with respect to any legal arguments.

20.     Authentication of the promissory notes issued by CAG to Ferrum Capital, LLC or other lenders to CAG.

**Objection:**  Subject to the General Objections, the Oliphant Entities further object to this request on the grounds that Mr. Laux is not designated as a representative of the Debtors and will not provide testimony regarding the Debtors in response to this request.

*[Remainder of Page Intentionally Left Blank]*

Dated: July 10, 2025
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
        cdonnelly@morrisjames.com

-and-

**KANE RUSSELL COLEMAN LOGAN PC**
Michael P. Ridulfo (admitted *pro hac vice*)
5151 San Felipe Street, Suite 800
Houston, TX 77056
Telephone: (713) 425-7400
Facsimile: (713) 425-7700
E-mail: mridulfo@krcl.com

-and-

Abigail Rogers (admitted *pro hac vice*)
Frost Bank Tower
401 Congress Avenue, Suite 2100
Austin, TX 78701
Telephone: (713) 425-7400
Facsimile: (713) 425-7700
E-mail: arogers@krcl.com

*Counsel to Oliphant, Inc., Accelerated Inventory Management, LLC, Oliphant Financial, LLC, and Oliphant USA, LLC*