## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | **Case No. 25-51660-CAG** |
| COLLINS ASSET GROUP, LLC, | § | |
| | § | |
| Debtor. [1] | § | **Chapter 7** |
| | § | |
| | § | |

---

### EXPEDITED APPLICATION OF RON SATIJA, CHAPTER 7 TRUSTEE, FOR AN ORDER AUTHORIZING THE APPROVAL OF EMPLOYMENT OF GARNET CAPITAL ADVISORS, LLC AS BROKER TO THE CHAPTER 7 TRUSTEE

### EXPEDITED RELIEF IS REQUESTED.

**To the Honorable Craig A. Gargotta, Chief United States Bankruptcy Judge:**

Ron Satija, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Debtor Collins Asset Group, LLC ("Collins" or "Debtor") in the above-captioned chapter 7 case (the "Case"), files this *Expedited Application of Ron Satija, Chapter 7 Trustee, for an Order Authorizing the Approval of Employment of Garnet Capital Advisors, LLC as Broker to the Chapter 7 Trustee* (the "Employment Application"), seeking entry of the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), approving the of employment of Garnet Capital Advisors, LLC ("Garnet") as broker for the Trustee under 11 U.S.C. §§ 327(a), 328(a), effective as of September 25, 2025. In support of this Employment Application, the Trustee would respectfully show as follows:

---

[1] The last four digits of this Debtor's federal tax identification number are 3148. This Debtor's address is 6001 W. William Cannon Drive, Suite 102, Austin, Texas 78749.

## I.    JURISDICTION, VENUE, AND BACKGROUND

1.      The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C §§ 1408 and 1409.

2.      On June 4, 2025 (the "Petition Date"), Collins filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, Case No. 25-10994 (LSS). George L. Miller was appointed as Chapter 7 Trustee in Delaware prior to the transfer of the Case to this District.

3.      After notice and a hearing, on July 25, 2025, Judge Silverstein entered the *Order Granting Motion of Plaintiffs and Receiver for Ferrum Capital, LLC and Ferrum IV, LLC to Transfer Venue of Bankruptcy Cases* [ECF No. 76], transferring the Case to this District.

4.      On August 5, 2025, the United States Trustee to the Southern and Western Districts of Texas filed *Notice of Appointment of Successor Trustee and Fixing of Bond* [ECF No. 94], appointing Ron Satija as Trustee for the Estate in the above-captioned Case as of August 1, 2025.

5.      Based on a preliminary review of the Debtor's Estate, the Trustee determined that employment of a specialized broker would be necessary to maximize the value of the Estate. The Trustee seeks to engage Garnet to provide marketing and brokerage services with respect to the Portfolio (as defined below) in order to permit the Portfolio to be monetized on behalf of creditors and the Estate.

## II.    RELIEF REQUESTED AND BASIS FOR RELIEF

6.      Following his appointment, the Trustee sought to engage the services of a brokerage firm with specialized experience in valuing, marketing, and selling consumer loan portfolios. Portions of the consumer loan portfolio(s) were funded directly by the Debtor from its revenues,

as well as financing received from various secured lenders (the "Portfolio"), who assert that they hold a security interest in a portion of the Portfolio.

7.      The Court has the power to authorize said employment pursuant to 11 U.S.C. §327(a) which states: "the trustee, with the court's approval, may employ one or more attorneys, accountants . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

8.      Further, 11 U.S.C. § 328(a) permits the Trustee to employ a professional under 11 U.S.C. § 327 pursuant to "any reasonable terms and conditions of employment," including "on a fixed or percentage fee basis."  11 U.S.C. § 328(a).

9.      In light of the foregoing and given the valuable services that Garnet has agreed to provide the Trustee in the Engagement Letter, the Trustee believes that the fees and expenses described herein are fair and reasonable and approval of the fees and expenses to be paid to Garnet under 11 U.S.C. § 328(a) is warranted.  The Trustee believes that employment of Garnet is in the best interest of the Estate for the valuation, analysis, and ultimate monetization of the Portfolio.

10.     The Trustee seeks expedited consideration of this Employment Application due to the time-sensitive need for valuation and analysis of the Portfolio.

### III.      SERVICES TO BE PROVIDED

11.     The Trustee anticipates that Garnet will render valuation, marketing, and other sale-related services with respect to the Portfolio. The services to be provided by Garnet are set forth more fully in the engagement letter attached hereto as **Exhibit C** (the "Engagement Letter"), which may include Portfolio pricing, valuation, and validation; preparation of marketing materials;

marketing and solicitation efforts; preparation and execution of a sale process through Court-approved procedures; and coordination of closing efforts.

### IV.     <u>DISINTERESTEDNESS, QUALIFICATIONS, AND COMPENSATION</u>

12.     The Trustee has selected Garnet, subject to approval of the Court, to provide marketing and brokerage services in order for the Portfolio to be monetized on behalf of creditors and the Estate.

13.     Garnet is preeminent in this industry and well qualified to serve as the Trustee's broker in this Case for the sale of the Debtor's Portfolio. Garnet specializes in advising buyers and sellers of loan portfolios, including brokering and facilitating services to assist parties to review and value loan portfolios. Garnet also has previous experience with selling assets like the Portfolio in bankruptcy and understands such implications on a sale process. Garnet is a member of and is certified as a broker by Receivables Management Association International ("<u>RMAi</u>"). RMAi certification is intentionally designed to ensure rigorous consumer protection standards follow a consumer account from origination through final disposition.

14.     Employment of Garnet is in the best interest of the Estate, as it will assist the Trustee in valuing, marketing, and ultimately monetizing the Portfolio. Garnet provides specialized services in a technical industry, and the Debtor's Estate will benefit from Garnet's unique knowledge and skillsets. The approval of this Employment Application, effective as of September 25, 2025, will not prejudice any party in interest in this Case. The Trustee submits that the relief requested herein is necessary, appropriate, and in the best interest of the Estate and its creditors.

15.     To the best of the Trustee's knowledge and as disclosed in the supporting *Declaration of Louis DiPalma* attached hereto as **<u>Exhibit B</u>** (the "<u>DiPalma Declaration</u>"):

(a) Garnet is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and neither holds nor represents any interest adverse to the matters for which it is to be engaged; and (b) Garnet has no known disqualifying connection to the Trustee, the Debtor, its creditors, parties-in-interest, the United States Trustee, or any person currently employed in the Office of the United States Trustee. If any conflicts or other disqualifying circumstances exist or arise, Garnet will inform the Trustee and supplement its disclosure to the Court.

16.     The Trustee is aware that Garnet may currently represent, may have represented, or may have connections to certain creditors of the Estate or other parties in interest in matters unrelated to the Debtor or this Case.   Disclosures with respect to any such engagements or connections appear in the DiPalma Declaration.

17.     Subject to this Court's approval of the Garnet engagement, the Trustee proposes to compensate Garnet a fee equal to 10% of the gross proceeds received by the Trustee from the sale of any or all of the Portfolio at each closing and funding. The Trustee has agreed to reimburse Garnet for any fees and expenses incurred by Garnet for certain third-party vendor services, such as hosting a virtual data room, imaging, indexing, and redacting loan files, bankruptcy and deceased scrubs, litigious consumer scrubs, etc.  The Trustee will pre-approve of any expenses to be incurred by Garnet.

18.     The Trustee believes that the fees described herein are reasonable and comparable to those generally charged by firms providing similar services to Garnet for comparable engagements.  The Trustee also understands that the fees are consistent with Garnet's normal and customary billing practices for similar transactions.

19.     The Trustee has agreed to a breakup fee based on the timing below:

| Timing | Breakup Fee |
|---|---|
| Termination occurs prior to approval of this Agreement and the sale process | None |
| Termination occurs after the approval of this Agreement and the sale process by the Court and after the distribution of the Sale Announcement to prospective investors | $100,000 |
| Termination occurs after receipt of bids, the highest of which is at or above the Target Price | Amount equal to what the Disposition Fee would have been if a sale had been consummated at the high bid level |
| Termination occurs after receipt of bids, the highest of which is below the Target Price | None |

20.     If the Trustee elects to utilize Garnet's post-closing services, the following rates will apply: Managing Partner $500/hour, Managing Director $400/hour, Senior Vice President $300/hour, Vice President $200/hour, and Assistant Vice President/Associate/Analyst $100/hour. To the extent that the Trustee requires services outside of the scope of services set forth in the Engagement Letter, the following fees will apply: Managing Partner $500/hour, Managing Director $400/hour, Senior Vice President $300/hour, Vice President $200/hour, and Assistant Vice President/Associate/Analyst $100/hour. To the extent additional services outside of the scope of services set forth in the Engagement Letter are required by the Trustee, the Trustee will file the necessary pleadings to supplement or modify this Employment Application.

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing him to employ Garnet as broker, effective as of September 25, 2025, pursuant to 11 U.S.C. §§ 327(a), 328(a), and grant him any and all further relief to which he may be entitled.

Dated: September 29, 2025          Respectfully submitted,

By: */s/ Ron Satija*
**RON SATIJA,**
**CHAPTER 7 TRUSTEE**

*through*

**DYKEMA GOSSETT PLLC**

Danielle Rushing Behrends
State Bar No. 24086961
dbehrends@dykema.com
Deborah D. Williamson
State Bar No. 21617500
dwilliamson@dykema.com
Dominique A. Douglas
State Bar No. 21434409
ddouglas@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

**COUNSEL TO RON SATIJA,**
**CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2025, the foregoing document was served electronically on all parties registered to receive notice though the Court's CM/ECF service and by U.S. Mail, postage prepaid on the parties on the attached Service List.

*/s/ Danielle Rushing Behrends*
Danielle Rushing Behrends

Collins Asset Group, LLC
6001 W. William Cannon Dr, Suite 102
Austin, TX 78749

Action Verb LLC
PO Box 8101
Carol Stream, IL 60197-8101

Alabama Attorney General
501 Washington Ave
Montgomery, AL 36104-4304

Alaska Attorney General
1031 W 4Th Ave, Suite 200
Anchorage, AK 99501-1994

Arizona Attorney General
2005 N Central Ave
Phoenix, AZ 85004-1545

Arkansas Attorney General
323 Center St, Suite 200
Little Rock, AR 72201-2610

Arlo Deyke
403 Crystal Dr
Longview, TX 75604-1243

Assurance Dimensions LLC
4920 Cypress Street, Suite 102
Tampa, FL 33607-3837

Barbara Dean, Irrevocable Trust
Kathy Dean-Frick, Trustee
5 Pheasant Place
Carmel, NY 10512-1612

Barbara L. Dean
2126 Iveywood Street
The Village, FL 32163-2849

Barry Powell
c/o Matthew J. King
411 S. Presa St.
San Antonio, TX 78205

California Attorney General
Po Box 944255
Sacramento, CA 94244-2550

Charles Morris
993 Wilder Path
The Villages, FL 32163-5579

Circuit Court of Greene County, MO
1010 N. Boonville Ave
Springfield, MO 65802-3804

Circuit Court - Nineteenth Judicial Cir
18. N. County St.
Waukegan, IL 60085-4304

City of Yonkers
City Hall Annex - 2nd Floor
87 Nepperhan Ave.
Yonkers, NY 10701-3819

Colin Conway
1682 Pintail Way
Sarasota, FL 34231-9136

Colorado Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10Th Fl
Denver, CO 80203-2104

Connecticut Attorney General
55 Elm St
Hartford, CT 06106-1746

Cynthia M Johiro
425 Queen Street
Honolulu, HI 96813-2903

David Scanlan
4719 Tobermory Way
Bradenton, FL 34211-8512

Delaware Department of Justice
Carvel State Office Building
820 N French Street
Wilmington, DE 19801-3509

Delores Delong
c/o Matthew J. Button
4560 S. Campbell Ave, Ste. L112
Springfield, MO 65810-1880

Department of Labor
Division of Unemployment Insurance
P.O. Box 9953
Wilmington, DE 19809-0953

Department of Revenue - IRS
1100 Commerce St. Suite 300
Dallas, TX 75242-1074

Diane Williams
10260 E. Tupelo Avenue
Mesa, AZ 85212-8472

Division of Commercial Recording
33 West State Street
Trenton, NJ 08608-1214

E-Oscar OLDE- Online Data Exchange
Dept 224501
PO Box 55000
Detroit, MI 48255-2245

Eugene Xerxes Martin, IV
8750 N. Central Expressway, #1850
Dallas, TX 75231-6454

F&K Partners, LLP
12075 Mountain Mahogany Road
Loveland, CO 80538-9174

First Insurance Funding -A Wintrust Co
450 Skokie Blvd, Ste 1000
Northbrook, IL 60062-7917

Florida Attorney General
The Capitol Pl01
Tallahassee, FL 32399-0001

Forvis Mazars, LLP
400 N. Ashley Drive, Suite 2540
Tampa, FL 33602-4317

Gains Equity Management, LLC
13835 N Tatum Blvd., #9-419
Phoenix, AZ 85032-5581

Generations FCU
PO Box 791870
San Antonio, TX 78279-1870

Georgia Attorney General
Business and Finance BK
40 Capitol Square SW
Atlanta, GA 30334-9057

Greenberg Traurig, LLP
Attn: Alison Hutchings
2200 Ross Avenue, Suite 5200
Dallas, TX 75201-2794

Growth Platforms, LLC
2003 Viking Drive
Reedsburg, WI 53959-8903

Guided Insurance Solutions, LLC
4211 W Boy Scout Blvd., Suite 800
Tampa, FL 33607

Hawaii Attorney General
425 Queen Street
Honolulu, HI 96813

Heritage Global Capital Group
3875 North Buffalo Rd, Suite 102
Orchard Park, NY 14127-1883

Idaho Office Of The Attorney General
700 W. Jefferson St, Suite 210
Boise, ID 83720-0001

Illinois Office Of The Attorney General
James R. Thompson Center
100 W. Randolph St
Chicago, IL 60601-3220

Indiana Attorney General
Attn: Bankruptcy Litigation
302 W Washington Street
Indianapolis, IN 46204-4701

Iowa Office Of The Attorney General
Hoover State Office Building
1305 E. Walnut Street Rm 109
Des Moines, IA 50319-0115

Jacob Michael Bach
8750 N. Central Expressway, #1850
Dallas, TX 75231-6454

Jared Brankamp
1118 Hutchins St.
Portsmouth, OH 45662-4542

Jeffrey Truss
c/o Jilian Sandt
P.O. Box 3065
McDonough, GA 30253-1744

Jeremy Croteau
6919 115th St. E
Palmetto, FL 34221-1790

John Newell
c/o Jilian Sandt
P.O. Box 3065
McDonough, GA 30253-1744

John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801-4943

Jonathan Wendell Holmes Trust
5457 Twin Knolls Rd., Suite 300
PMB 1283
Columbia, MD 21045-3296

Judy A. Musgrove
c/o Royal Lea (Receiver)
1901 NW Military Hwy, Suite 218
San Antonio, TX 78213-2149

Kansas Office of Attorney General
120 SW 10th Ave – 2nd Floor
Topeka, KS 66612-1237

Karen Aguilar
c/o Jake A. Morrison
411 S. Presa St.
San Antonio, TX 78205

Kentucky Office of Attorney General
Capitol Building
700 Capitol Ave. Suite 118
Frankfort, KY 40601-3458

Kerry Alleyne
2161 NW Military Highway, Suite 400
San Antonio, TX 78213-1844

King Size Storage
5256 West US Highway 290
Austin, TX 78735

LendingPoint
1201 Roberts Blvd., Suite 200
Kennesaw, GA 30144-3612

Lester A. Ottenheimer, III
Ottenheimer Law Group, LLC
750 Lake Cook Road, Suite 290
Buffalo Grove, Illinois 60089

Louisiana Office of Attorney General
1885 N. Third St
Baton Rouge, LA 70802-5146

Magistrate Court of Walton County GA
303 S. Hammond Dr.
Monroe, GA 30655-2904

Maine Office of Attorney General
6 State House Station
Augusta, ME 04333-0006

Martin Lyons Watts Morgan
Attn: Patrick Watts
8750 Central Expwy Northpark Centra
Dallas, TX 75231-6436

Maryland Office of Attorney General
200 St. Paul Pl
Baltimore, MD 21202-5994

Massachusetts Office of Attorney Gen.
1 Ashburton Place, 20th Floor
Boston, MS 02108-1518

Melody Cuff
312 SW 102nd St
Oklahoma City, OK 73139-9009

Metropolitan Partners Group
850 Third Ave, 18th Floor
New York NY 10022

Michael S. Dillow
1118 Hutchins St.
Portsmouth, OH 45662-4542

Michael P. Ridulfo
5151 San Felipe Street, Suite 800
Houston, TX 77056

Michigan Dept. of Attorney General
G. Mennen Williams Bdg., 7th Floor
525 W Ottawa St
Lansing, MI 48933-1067

Minnesota Office of Attorney General
445 Minnesota St, Suite 1400
St. Paul, MN 55101-2131

Mississippi Office of Attorney General
Walter Sillers Building
550 High St., Suite 1200
Jackson, MS 39201-1113

Missouri Attorney General
Supreme Court Building
207 W High St
Jefferson City, MO 65101-6805

Montana Attorney General
215 N. Sanders
Justice Building, Third Fl
Helena, MT 59601-4517

National Loan Exchange Inc.
10 Sunset Hills Professional Centra
Edwardsville, IL 62025-3785

Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509

Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701

New Hampshire Attorney General
Nh Department Of Justice
33 Capitol St.
Concord, NH 03301-6317

New Jersey Dept of Banking & Ins.
Collections Unit
P.O. Box 325
Trenton, NJ 08625-0325

New Jersey Attorney General
Richard J. Hughes Justice Complex
25 Market St 8Th Fl, West Wing
Trenton, NJ 08611-2148

New Jersey Dept of Banking & Ins.
Consumer Finance Enforcement
Attn: Paulette Sibblies-Flagg
PO Box 040
Trenton, NJ 08625-0040

New Mexico Attorney General
408 Galisteo Street
Villagra Building
Santa Fe, NM 87501-2689

New York Attorney General
The Capitol
Albany, NY 12224

North Carolina Attorney General
114 W Edenton St
Raleigh, NC 27603-1712

North Dakota Attorney General
State Capitol, 600 E Blvd., Ave
Dept. 125
Bismarck, ND 58505

Office of the Attorney General of DC
441 4Th St NW, Suite 1100
Washington, DC 20001-2714

Ohio Attorney General
State Office Tower
30 E Broad St 14Th Fl
Columbus, OH 43215-3414

Oklahoma Attorney General
313 Ne 21St St
Oklahoma City, OK 73105-3207

Oliphant, Inc.
Attn: Dave Scanlan
6001 W. William Cannon Dr. #102
Austin, TX 78749-1916

Oregon Department of Justice
Attn: Bankruptcy Dept.
1162 Court ST NE
Salem, OR 97301-4096

Patrick A. Watts
1200 S. Big Bend Blvd.
St. Louis, MO 63117-1614

Patrick A. Watts
150 S. Wacker Drive, Suite 2400
Chicago, IL 60606-4211

Pennsylvania Attorney General
Strawberry Square 16th Floor
Harrisburg, PA 17120-0001

Randall A. Pulman
2161 N. W. Military Highway, Ste. 400
San Antonio, TX 78213-1844

Regeneration Nation LLC
30 North Gould St Suite R
Sheridan, WY 82801-6317

Rhode Island Attorney General
150 S Main St
Providence, RI 02903-2994

Richard M. Beck
c/o Klehr Harrison Harvey Branzburg
1835 Market, Suite 1400
Philadelphia, PA 19103

Robert Morris
7865 Chick Evans Pl
Sarasota, FL 34240-8752

Royal B. Lea, III
1901 NW Military Hwy, Suite 218
San Antonio, TX 78213

S4 Family Trust
141 Yorks Xing
Driftwood, TX 78619-5719

Sentinel Data Solutions, Inc.
PO Box 95
Lawson, MO 64062-0095

Shari Pullen Pulman
2161 N. W. Military Highway, Ste 400
San Antonio, TX 78213-1844

Sharon Young King
5345 Rocky Coast PL
Palmetto, FL 34221-1424

Shauna K. Travis
1118 Hutchins St.
Portsmouth, OH 45662-4542

Sills & Associates
1451 River Park Drive, Suite 145
Sacramento, CA 95815

Skypeak Fund I LP
3017 Bolling Way NE
Atlanta, GA 30305-2205

South Carolina Attorney General
Rembert C. Dennis Bldg
1000 Assembly St Rm 519
Columbia, SC 29201-3183

South Dakota Department of Revenue
445 E Capitol Avenue
Pierre, SD, 57501, SD 57501-3100

South Dakota Attorney General
1302 E Highway 14
Ste 1
Pierre, SD 57501-8501

State of Delaware
Division of Revenue
820 N. French Street, 8th Floor
Wilmington, DE 19801-3509

State of New Jersey
Department of Banking & Ins
20 West State Street
P.O. Box 325
Trenton, NJ 08625-0325

Stephen R. Dillow
1118 Hutchins St.
Portsmouth, OH 45662-4542

Tatiana Quinones
3912 Farm Garden Ct
Bradenton, FL 34211-1380

Tennessee Attorney General
301 6Th Ave N
Nashville, TN 37243-1412

Tennessee Department of Revenue
c/o Attorney General – BK Division
PO Box 20207
Nashville, TN 37202-4015

Texas Office Of The Attorney General
300 W. 15Th St
Austin, TX 78701-1649

Texas State Comptroller
P.O. Box 149359
Austin, Texas 78714

The Heller Group, LLC
Attn: John Heller
1655 Lake Cook Rd, Apt. 140
Highland Park, IL 60035-4400

Thompson Reuters
6160 Warren Parkway, Suite 700
Frisco, TX 75034-9747

Tom Pawelek
271 Crew Ct
Sarasota, FL 34243-2301

Travis County
PO Box 149328
Austin, TX 78714-9328

US Trustee's Office
615 E. Houston, Suite 533
San Antonio, Texas 78205

Utah Office Of The Attorney General
Utah State Capitol Complex
350 North State St Ste 230
Salt Lake City, UT 84114-4799

Vermont Attorney General
109 State St.
Montpelier, VT 05609-1001

Virginia Attorney General
202 N. Ninth St.
Richmond, VA 23219-3402

Washington Attorney General
1125 Washington St Se
Olympia, WA 98501-2283

West Virginia Attorney General
State Capitol, 1900 Kanawha Blvd E
Building 1 Rm E-26
Charleston, WV 25305

William O'Donnell
c/o Delaney A. Hunt
2275 Half Day Road, Suite 126
Bannockburn, IL 60015-1274

Wisconsin Attorney General
114 E State Capitol
Madison, WI 53702-0001

Wyoming Attorney General
Kendrick Building
2320 Capitol Ave
Cheyenne, WY 82001-3644

## EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **COLLINS ASSET GROUP, LLC,** | § | **Case No. 25-51660-CAG** |
| | § | |
| **Debtor.**[1] | § | **Chapter 7** |
| | § | |
| | § | |

---

### ORDER APPROVING EXPEDITED APPLICATION OF RON SATIJA, CHAPTER 7 TRUSTEE, FOR APPROVAL OF EMPLOYMENT OF GARNET CAPITAL ADVISORS, LLC AS BROKER TO THE CHAPTER 7 TRUSTEE

Came on for consideration by Ron Satija, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Debtor Collins Asset Group, LLC ("Collins" or "Debtor") in the above-captioned chapter 7 case (the "Case"), the *Expedited Application of Ron Satija, Chapter 7 Trustee, for Approval of Employment of Garnet Capital Advisors, LLC as Broker to the Chapter 7 Trustee* (the "Employment Application"). After considering the Employment Application, the arguments of counsel, if any, the responses and/or objections, if any, and the

---

[1] The last four digits of this Debtor's federal tax identification number are 3148. This Debtor's address is 6001 W. William Cannon Drive, Suite 102, Austin, Texas 78749.

evidence presented, the Court finds that the Employment Application is in the best interest of the Estate.

       **IT IS, THEREFORE, ORDERED:**

1.      The Trustee's Employment Application is **GRANTED**.

2.      Garnet is employed as broker to the Trustee effective September 25, 2025, pursuant to 11 U.S.C. §327(a).

3.      The terms of Garnet's Engagement Letter are approved in their entirety.

4.      No payment of fees or expenses shall occur unless and until Garnet submits a fee application pursuant to 11 U.S.C. § 330(a) and/or 11 U.S.C. § 331 and such payment is approved by the Court.

# # #

Prepared and submitted by:

**DYKEMA GOSSETT PLLC**
Danielle Rushing Behrends
dbehrends@dykema.com
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 Telephone
(210) 226-8395 Facsimile

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | **Case No. 25-51660-CAG** |
| COLLINS ASSET GROUP, LLC, | § | |
| | § | |
| Debtor. [1] | § | **Chapter 7** |
| | § | |
| | § | |

---

**DECLARATION OF LOUIS DIPALMA IN SUPPORT OF EXPEDITED APPLICATION OF RON SATIJA, CHAPTER 7 TRUSTEE, FOR APPROVAL OF EMPLOYMENT OF GARNET CAPITAL ADVISORS, LLC AS BROKER TO THE CHAPTER 7 TRUSTEE**

I, Louis DiPalma, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1.     I am a Managing Partner with Garnet Capital Advisors, LLC ("Garnet" or the "Firm"), located at 500 Mamaroneck Avenue, Harrison, New York 10528. My professional address is 500 Mamaroneck, Harrison, NY 10528. My telephone number is 914-630-8822, and my email address is ldipalma@garnetcapital.com.

2.     I make this Declaration in support of the *Expedited Application of Ron Satija, Chapter 7 Trustee, for Approval of Employment of Garnet Capital Advisors, LLC as Broker to the Chapter 7 Trustee* (the "Employment Application")[2] to employ the Firm as broker to the Trustee in this Case pursuant to 11 U.S.C. §§ 327(a), 328(a).

3.     Except as otherwise set forth herein, all facts in this Declaration are based upon my personal knowledge.

---

[1] The last four digits of this Debtor's federal tax identification number are 3148. This Debtor's address is 6001 W. William Cannon Drive, Suite 102, Austin, Texas 78749.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Employment Application.

1

4.     Garnet is an advisory firm that specializes in advising buyers and sellers of loan portfolios, including brokering sales of portfolios of all asset types and performance levels. Garnet also provides valuation services to assist parties to review and value loan portfolios. Garnet is a member of an is certified as a broker by Receivable Management Association International ("RMAi"). RMAi certifies business that support the purchase, sale, and collection of performing and nonperforming receivables based on their compliance with uniform industry standards of best practice.

5.     The Trustee has retained the Firm, effective as of September 25, 2025, on the terms identified in the Firm's engagement letter attached to the Employment Application as **Exhibit C** (the "Engagement Letter").

6.     Garnet has utilized the Firm's conflicts database management system (the "System") and makes the disclosures set forth on **Exhibit 1** pursuant to Bankruptcy Rule 2014(a). This document was prepared based on a search of the System and list of clients using the names of parties appearing on **Exhibit 1**. To the best of my knowledge, any representations or connections disclosed in the attached **Exhibit 1** are wholly unrelated to the Debtor or this Case.

7.     I am not related, and to the best of my knowledge, to any U.S. Bankruptcy Judge in this District or to the U.S. Trustee for this District.

8.     Based on the conflict search conducted to date by Garnet and described in this Declaration, to the best of my knowledge, neither I nor Garnet, nor any employee associated with Garnet, insofar as I have been able to ascertain, holds an interest adverse to the Debtor. Any connections with creditors or other parties in interest are disclosed herein based on conflict checks to date and will be supplemented as necessary during this Case. Garnet does not believe that any such connections are disqualifying under applicable statutes and rules.

127196.000001 4900-4790-2826.6

9. While Garnet has taken reasonable steps to ascertain whether current clients are creditors of the Debtor, affiliated with the Debtor, or other parties in interest, Garnet's analysis is continuing. Garnet will supplement this Declaration as necessary.

10. The professional services that Garnet may render to the Trustee are detailed in the Engagement Letter may and include, without limitation, Portfolio pricing, valuation, and validation; preparation of marketing materials; marketing and solicitation efforts; preparation and execution of a sale process through Court-approved procedures; and coordination of closing efforts.

11. Further, the Trustee has agreed to reimburse Garnet for any fees and expenses incurred by Garnet for certain third-party vendor services, such as virtual data room, imaging loan files, indexing loan files, redacting loan files, bankruptcy and deceased scrubs, litigious consumer scrubs, etc.

12. The Trustee and Garnet have agreed to a breakup fee based on the timing below, which is included in the Engagement Letter:

| Timing | Breakup Fee |
|---|---|
| Termination occurs prior to approval of this Agreement and the sale process | None |
| Termination occurs after the approval of this Agreement and the sale process by the Court and after the distribution of the Sale Announcement to prospective investors | $100,000 |
| Termination occurs after receipt of bids, the highest of which is at or above the Target Price | Amount equal to what the Disposition Fee would have been if a sale had been consummated at the high bid level |
| Termination occurs after receipt of bids, the highest of which is below the Target Price | None |

3

13.     No agreement or understanding exists between Garnet and any other person to share compensation received for services to be rendered in connection with representation of the Trustee. No representations have been received or made by Garnet, nor any member or employee thereof, with respect to compensation in connection with the Case other than in accordance with the Bankruptcy Code.

14.     Garnet has not received any retainer from the Trustee.

15.     I will amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstances relating thereto.

16.     By reason of the foregoing, I believe that Garnet is eligible for employment and retention by the Trustee pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the applicable Bankruptcy Rules, and this Court's Local Rules.

127196.000001 4900-4790-2826.6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, on this _27_ day of September, 2025.

Louis DiPalma

**EXHIBIT 1**

| Debtor | Equity Holders | Connection |
|---|---|---|
| Hollins Holdings, Inc. | Colin Conway | N/A |
| Hollins Holdings, Inc. | Skypeak Fund I LP | N/A |
| Hollins Holdings, Inc. | David Scanlan | N/A |
| Hollins Holdings, Inc. | Tom Pawelek | N/A |
| Hollins Holdings, Inc. | Robert Morris | Past Buyer |
| Hollins Holdings, Inc. | S4 Family Trust | N/A |
| Hollins Holdings, Inc. | Charles Morris | N/A |
| Hollins Holdings, Inc. | Melody Cuff | N/A |
| Hollins Holdings, Inc. | Tatiana Quinones | N/A |
| Hollins Holdings, Inc. | Sharon Young-King | N/A |
| Hollins Holdings, Inc. | Jeremy Croteau | N/A |

| Additional Names | Connection |
|---|---|
| Action Verb LLC | N/A |
| Arlo Dayke | N/A |
| Assurance Dimensions | N/A |
| Barbara Dean | N/A |
| Barry Powell | N/A |
| Charles Morris | N/A |
| City of Yonkers | N/A |
| Colin Conway | N/A |
| David Scanlan | N/A |
| Delores Delong | N/A |
| Diane Williams | N/A |
| Div. Comm Recording | N/A |
| E-Oscar | N/A |
| F&K Partners LLP | N/A |
| Ferrum Capital, LLC | N/A |
| First Insurance Funding | N/A |
| Gains Equity Mgmt | N/A |
| Generations Credit Union | N/A |
| Growth Platforms | N/A |
| Guided Insurance Solutions | N/A |
| Cynthia M Johiro | N/A |
| Heritage Global Capital | N/A |
| Jared Brankamp | N/A |
| Jeffrey Truss | N/A |
| Jeremy Croteau | N/A |



19

| | |
|---|---|
| John Newell | N/A |
| John Patrick Lowe, state court receiver for Ferrum Capital, LLC | N/A |
| Judy Musgrove | N/A |
| Karen Aguilar | N/A |
| King Size Storage | N/A |
| Leading Point | N/A |
| Michael Dillow | N/A |
| Melody Cuff | Former Buyer |
| Metropolitan Partners | N/A |
| National Loan Exchange | N/A |
| Oliphant Inc. | Former Buyer |
| Regeneration Nation | N/A |
| Robert Morris | Former Buyer |
| S4 Family Trust | N/A |
| Sentinel Data Solutions | N/A |
| Sharon Young King | N/A |
| Shauna Travis | N/A |
| Skypeak Fund I | N/A |
| Steven Dillow | N/A |
| Tatiana Quinones | N/A |
| Tom Pawelek | N/A |
| William O'Donnell | N/A |
| Lending Point | N/A |
| Kathleen E. Priebe | N/A |
| Martha Gomez | N/A |
| Paul D. Sheetz | N/A |
| Alvin Zigmond | N/A |
| Sharon Zigmond | N/A |
| Dan A. Doolittle | N/A |
| Kelly M. Doolittle | N/A |
| Carolyn Newman | N/A |
| Tamara Owrey | N/A |
| Travis Mitchell | N/A |
| Donna Mitchell | N/A |
| Walter Collins | Former Buyer |
| Argenta Syndicate Mgmt | N/A |
| The Hanover Insurance Group | N/A |
| Judy A. Musgrove | N/A |
| Metropolitan Partners Group | N/A |
| Metropolitan Partners Fund IV-A, LP | N/A |
| Metropolitan Partners Fund V (QP), LP | N/A |
| Metropolitan Partners Fund V, LP | N/A |



20

| | |
|---|---|
| Metropolitan Partners IV, LP | N/A |
| Tesota, LLC | N/A |
| Associated Credit Services | N/A |
| Bass and Associates | N/A |
| Cawley & Bergman | N/A |
| Credit Control | N/A |
| D&A Services | N/A |
| Glass Mountain | N/A |
| Monarch Recovery Management | N/A |
| NES (National Enterprise System) | N/A |
| Radius Global Solutions | N/A |
| BMS Group Ltd | N/A |
| Accrisure | N/A |
| Daniel Laux | N/A |
| Collins Asset Group | Former Buyer |
| Ron Satija, Ch. 7 Trustee | N/A |



127196.000001 4900-4790-2826.6

## EXHIBIT C



GARNET
CAPITAL ADVISORS

September 25, 2025

Ron Satija
Chapter 7 Trustee
PO Box 660208
Austin, TX 78766-7208

Dear Ron:

We are very pleased about the opportunity to assist you, in your capacity as the Chapter 7 Trustee ("Client") in TXWB Case No. 25-51660-cag, Collins Asset Group, LLC, pending in the U.S. Bankruptcy Court, Western District of Texas (San Antonio) (the "Court"), which includes Collins Asset Group, LLC ("CAG"), in the sale of CAG's servicing assets and loan portfolio (the "Portfolio"). This letter ("Agreement") is to set forth an agreement as to the terms of our engagement.

1. **SCOPE OF SERVICES**

   "**Services**": Garnet will provide Client the following initial services:

   1.1. **Portfolio Pricing.** Garnet will analyze electronic and historical data to estimate market pricing for the Portfolio to assist Client with a target market price ("Target Price").

   1.2. **Project Plan.** Garnet will prepare a detailed project plan ("Project Plan") for the transaction, including sale setup, buyer due diligence, bid and closing, which will incorporate recommended tasks, deadlines, and the responsible party. The Project Plan shall incorporate key dates required by Client, and shall be subject to Client's approval. Garnet shall substantially perform its services in accordance with the Project Plan, except that Client acknowledges that Garnet cannot control delays or nonperformance of tasks by other parties, which may require Project Plan modifications.

   1.3. **Validation of Accounts.** Garnet will provide advice based on its market experience and assist Client with respect to the ownership and chain-of-title of accounts, and to the validation of balances. Client remains responsible for any conclusions reached and for all representations.

   1.4. **Preparation of Marketing Materials.** Garnet will prepare a one-page sale announcement (the "Sale Announcement") that will include (i) a brief description of the Portfolio and (ii) an outline of the timetable and procedures for the sale, in form satisfactory to Client. Garnet will also prepare an offering package (the "Offering Materials") which will include an executive summary, comprehensive Portfolio information and analysis including origination and servicing/collection background, offering procedures, a form of loan sale agreement, and data file(s), each in form and substance satisfactory to Client and its counsel. Offering Materials will be updated as necessary during the course of the sale process, including but not limited to a cut-off date data file. Offering procedures shall specify the format in which bids will be taken. Garnet will consider both a sealed-bid auction format, an open-outcry auction format, one round, and two rounds, and make a recommendation to Client. Client shall determine which bid format is used.

   1.5. **Marketing.** Garnet will conduct a marketing effort to facilitate the sale of the Portfolio.

Initially Garnet will contact high-impact core investors by email and phone to develop early buyer interest. Garnet will also contact a targeted list of prospective investors by email distribution of the Sale Announcement, posting the Sale Announcement on Garnet's website, and telephone follow-up to key accounts.

1.6. **Coordination of Legal Documentation.** Garnet will assist Client and Client's counsel in developing terms for legal documentation for the transaction, including a confidentiality agreement and loan sale agreement. Garnet will not provide legal advice to Client.

1.7. **Prospective Investor Due Diligence.** Garnet shall require each prospective investor to sign a confidentiality agreement approved by Client prior to granting access to Offering Materials, after which Garnet may share the Confidential Information with such prospective investors, and Garnet shall have no liability to Client for any use or misuse of Confidential Information by any such potential investor. Garnet shall have responsibility for managing potential investor due diligence. Garnet shall post and manage the Offering Materials in a secure Virtual Data Room, and shall permission prospective investors to such Virtual Data Room to access the Offering Materials. Garnet will act as the primary clearinghouse for prospective investor inquiry on questions which arise during the sale, and will provide answers to any questions for which the information is on hand. To the extent that inquiries require response from Client, Garnet will interface with designated Client personnel.

1.8. **Bids; Selection of Winning Bidder(s).** Garnet will take bids, prepare and deliver a summary of bids received, and assist Client in its selection of the winning bidder(s). Client will have the right to accept or reject in its sole discretion any and all bids.

1.9. **Coordination of Closing.** Garnet will work closely with Client and the winning bidder(s) to expeditiously close the sale. Garnet will assist Client in preparing documentation for Client to seek approvals, coordinate bid acceptance, assist Client in any negotiations necessary relative to the terms of sale, assist with the preparation of a settlement statement reflecting amounts due at closing. Client will be responsible for the servicing transfer.

1.10. **Post-Closing Services.** Garnet will provide assistance to Client post-closing with any issues that arise, such as post sale project review and analysis, meetings and presentations to Client personnel not involved in the sale process, post-sale contract issues, review of repurchase requests, etc.

## 2. TERMS OF THE AGREEMENT

2.1. **Professional Fees:**

2.1.1. Retainer Fee: waived

2.1.2. Disposition Fee: **Garnet does NOT charge the buyer a fee.** A fee (the "Disposition Fee") equal to 10% multiplied by gross proceeds received by Client from the sale of any or all of the Portfolio shall be payable by Client to Garnet by wire transfer upon each closing and funding.

2.1.3. Breakup Fee: If Client elects to terminate the sale process without consummating a sale, then Client shall pay Garnet a breakup fee payable at such time the Portfolios are sold as follows:

| Timing | Breakup Fee |
|---|---|

127196.000001 4897-3588-4908.1

| Termination occurs prior to approval of this Agreement and the sale process | None |
|---|---|
| Termination occurs after the approval of this Agreement and the sale process by the Court and after the distribution of the Sale Announcement to prospective investors | $100,000 |
| Termination occurs after receipt of bids, the highest of which is at or above the Target Price | An amount equal to what the Disposition Fee would have been if a sale had been consummated at the high bid level |
| Termination occurs after receipt of bids, the highest of which is below the Target Price | None |

2.1.4.   Bankruptcy Court: Garnet shall provide up to 10 hours of services related to any court filing, hearings or appearances at no additional charge. Thereafter, services related to court filings, hearings or appearances shall continue to be provided by Garnet with Client's approval at the following rates: Managing Partner $500/hour, Managing Director $400/hour, Senior Vice President $300/hour, Vice President $200/hour, Assistant Vice President / Associate / Analyst $100/hour

2.1.5.   Post-Closing Fee: To the extent that Client requires post-closing services, Garnet shall provide 5 hours of services at no additional charge. Thereafter, post-closing services shall continue to be provided by Garnet with Client's approval at the following rates: Managing Partner $500/hour, Managing Director $400/hour, Senior Vice President $300/hour, Vice President $200/hour, Assistant Vice President / Associate / Analyst $100/hour.

2.1.6.   Out-Of-Scope Fee: To the extent that Client requires services outside of the scope of services, services to be provided by Garnet with Client's approval at the following rates: Managing Partner $500/hour, Managing Director $400/hour, Senior Vice President $300/hour, Vice President $200/hour, Assistant Vice President / Associate / Analyst $100/hour.

2.2.   **Expense Reimbursement:** Client will reimburse Garnet for actual, Client-pre-approved, third-party vendor fees, as applicable, for virtual data room, redacting loan files, bankruptcy and deceased scrubs, litigious consumer scrubs, audit of collections and payment posting procedures, etc.

2.3.   **Obligations Limited:** Client acknowledges that the descriptions of the Portfolio and any underlying collateral have been furnished by Client and are not representations by Garnet. Garnet shall be under no obligation to make an independent investigation or inquiry as to the correctness or completeness of any information or data given to Garnet, and shall have no liability in regard thereto. Client shall be responsible for the content of the Sale Announcement, Offering Materials, and any updates thereto.

2.4.   **Client Responsibilities:** Client's responsibilities include, but are not limited to: (a) providing accurate Portfolio information, (b) reviewing and approving the Sale Announcement, Offering Materials, and any updates thereto, (c) answering investor questions to the extent necessary during the due diligence period, (d) reviewing and agreeing to a form of loan sale agreement appropriate for the product type being sold, (e) reviewing bids and selecting a winning bidder(s),

(f) completing closing requirements (negotiation of loan sale agreement, preparation of conveyance documentation, provision of servicing transfer information), and (g) seeking and relying on the advice of its attorneys and accountants for tax, legal and accounting matters.

2.5. **Exclusivity:** Client agrees that Garnet shall have the exclusive right to solicit buyers for the Portfolio during the term and any extensions hereof.

2.6. **Work Product:** Client agrees that all deliverables and work processes generated, developed or provided by Garnet shall not, without the prior written consent of Garnet, be shared by Client with any competitor of Garnet or potential buyer during or after the term of this Agreement.

2.7. **Confidentiality:** The parties acknowledge that they have executed a Confidentiality Agreement dated September 25, 2025 (the "NDA"), the terms and provisions of which are herein incorporated by reference, and agree that such NDA sets forth the obligations and responsibilities of Garnet and Client with regard to the use, treatment, and disclosure of certain confidential and proprietary information of the parties. If there is a conflict between the terms of the NDA and the terms of this Agreement, the terms of this Agreement shall govern and control.

2.8. **Termination:** This Agreement shall terminate after completion of the sale process contemplated hereunder. Client may terminate this Agreement on 10 business days written notice to Garnet without cause; in such case, Garnet shall be due the applicable Breakup Fee. Client or Garnet may also terminate this Agreement upon written notice to the other party in the event of an uncured breach by the other party of the terms of this Agreement; in such case, Garnet shall not be due any Fees.

2.9. **Indemnification:** The parties shall indemnify and hold each other harmless against any and all losses, claims, damages or liabilities to which either may become subject arising in any manner out of or in connection with this Agreement, unless it is finally determined by a court having jurisdiction that such losses, claims, damages or liabilities resulted directly from the gross negligence or willful misconduct of the of the party seeking indemnification. The indemnitor shall reimburse the indemnified party for any legal or other expenses reasonably incurred by it in connection with investigating, preparing to defend or defending any lawsuits, claims or other proceedings arising in any manner out of or in connection with this Agreement, except for any legal or other expenses connected with a claim arising out of or in connection with the indemnified party's gross negligence or willful misconduct. This provision shall survive any termination of this Agreement. Each party's liability under this Agreement shall be limited to direct damages and in no instance will an indemnifying party be liable for any special, consequential, indirect, incidental, exemplary or punitive damages. If Garnet is requested or required by Legal Process (as defined in the next sentence) to produce documents or to testify regarding a matter that is substantially related to the validity of data provided by Client in connection with this Agreement, then Client shall reimburse Garnet for its reasonable external counsel attorney fees, incurred in responding to such request and providing documents or information, if required. "Legal Process" shall mean subpoena, discovery request, legal process, investigatory request, or similar request. The provisions of this paragraph 2.9 are subject to Section 11 U.S.C.§ 330. The amounts payable by Client to Garnet pursuant to this paragraph 2.9 shall not exceed the gross proceeds received by Client from the sale of the Portfolio. Notwithstanding anything to the contrary in this Agreement, any indemnification obligations of the Trustee shall be payable solely from funds of the bankruptcy estate that are available at the time of payment, net of any funds that have been previously ordered to be paid out by the Court. In no event shall the Trustee have any personal liability for indemnification or reimbursement under this Agreement, and the indemnified party expressly waives any right to seek recovery against the Trustee in her or his individual capacity.

2.10. **Governing Law:** This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Texas without regard to its conflict-of-laws principles. Client and Garnet agree that any disputes, claims and controversies between them arising out of or in any way related to this Agreement shall be resolved by the Court.

2.11. **Court Approval:** Garnet acknowledges that its retention pursuant to this Agreement and any potential sale of the Portfolio to a buyer are subject to approval by the Court by separate motion and order.

2.12. **Miscellaneous:** This Agreement is made solely for the benefit of the parties hereto, and no other person shall acquire or have any right under or by virtue of this Agreement. Nothing contained herein shall be deemed or construed to create a partnership or joint venture between the parties hereto, and Garnet's services shall be rendered to Client as an independent contractor. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect. This Agreement may be executed in one or more counterparts, each of which shall constitute an original, but all of which taken together shall constitute one and the same instrument. Delivery of an executed signature page of this Agreement by facsimile transmission or scanned email shall be effective as delivery of a manually executed counterpart hereof. Effective the date of this Agreement, Garnet may list Client as a client.

Please indicate your acceptance of this Agreement by countersigning in the space provided below.

Sincerely yours,

**GARNET CAPITAL ADVISORS, LLC**

By: _____
Name: Andy Carlson
Title: Partner

Accepted by:

By: _____
Name: Ron Satija as the Chapter 7 Trustee, TXWB Case No. 25-51660-cag, Collins Asset Group, LLC, pending in the U.S Bankruptcy Court, Western District of Texas (San Antonio)