IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 25-51660-CAG |
| COLLINS ASSET GROUP, LLC, | § | |
| | § | Chapter 7 |
| Debtor.[1] | § | |
| | § | |

**SECOND SUPPLEMENT TO DECLARATION OF LOUIS DIPALMA IN SUPPORT OF EXPEDITED APPLICATION OF RON SATIJA, CHAPTER 7 TRUSTEE, FOR APPROVAL OF EMPLOYMENT OF GARNET CAPITAL ADVISORS, LLC AS BROKER TO THE CHAPTER 7 TRUSTEE**

I, Louis DiPalma, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a Managing Partner with Garnet Capital Advisors, LLC ("Garnet" or the "Firm"), located at 500 Mamaroneck Avenue, Harrison, New York 10528. My professional address is 500 Mamaroneck, Harrison, NY 10528. My telephone number is 914-630-8822, and my email address is ldipalma@garnetcapital.com.

2. I make this Second Supplement to my Declaration in support of the *Expedited Application of Ron Satija, Chapter 7 Trustee, for Approval of Employment of Garnet Capital Advisors, LLC as Broker to the Chapter 7 Trustee* [ECF No. 141] (the "Employment Application")[2] to employ the Firm as broker to the Trustee in this Case pursuant to 11 U.S.C. §§ 327(a), 328(a).

3. On October 10, 2025, the Court entered the *Order Approving Expedited Application of Ron Satija, Chapter 7 Trustee, for Approval of Employment of Garnet Capital Advisors, LLC as*

---

[1] The last four digits of this Debtor's federal tax identification number are 3148. This Debtor's address is 6001 W. William Cannon Drive, Suite 102, Austin, Texas 78749.
[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Employment Application.

*Broker to the Chapter 7 Trustee* [ECF No. 154], which authorizes the Trustee's retention of the Firm as broker in the Case.

4. Except as otherwise set forth herein, all facts in this Second Supplement to my Declaration are based upon my personal knowledge.

5. Garnet was founded in 2004 to conduct loan sales with the highest levels of trust and integrity in the small-niche industry. In the ordinary course of business, it is routine and customary for Garnet to solicit and receive more than one bid per transaction, which may include an auction.

6. Based on the Firm's review of the System, the following connections to Oliphant, Inc. and its affiliated entities[3] have been identified, none of which resulted in a winning bid for any Firm transaction. The Firm discloses these prior connections identified through the System for transparency in the Case.

| Month | Deal # | Investor | Winning Bid | Legal Entity |
|---|---|---|---|---|
| 2005-11 | CO-131 | Oliphant | No | Not provided |
| 2007-09 | CO-205 | Oliphant | No | Not provided |
| 2013-04 | CO-536 | Oliphant Financial | No | Oliphant Financial, LLC |
| 2020-01 | CO-955 | Oliphant | No | Oliphant Financial, LLC |
| 2024-08 | CO-1145 | Oliphant | No | Oliphant Financial, LLC |
| 2025-03 | CO-1194 | Oliphant Accelerated Inventory Mgmt. | No | Oliphant Financial, LLC |
| 2025-07 | CO-1203 | Oliphant | No | Accelerated Inventory Management, LLC |

7. Accordingly, the Firm does not have an adverse interest to the Estate or any class of creditors and remains "disinterested" as defined in 11 U.S.C. § 101(14).

---

[3] Upon information and belief, the Debtor was in a common ownership group with these affiliated entities between 2021 and 2023.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, on this 27th day of October, 2025.

_____
Louis DiPalma