IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7: |
| | § | |
| COLLINS ASSET GROUP, LLC | § | CASE NO. 25-51660 |
| DEBTOR | § | |
| | § | |
| | § | |
| | § | |

**MOTION FOR PROTECTIVE ORDER WITH RESPECT TO RULE 30(b)(6)
DEPOSITION NOTICES**

Oliphant USA, LLC ("**O-USA**"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Bankruptcy Rule 7026, hereby moves for a protective order with respect to the Notices of Deposition served by the Texas Plaintiffs and the Receiver on December 2, 2025, and in support hereof respectfully states as follows:

*The Motion for Relief*

1. On November 28, 2025, O-USA filed a Motion for Relief from the Automatic Stay (the "**Motion for Relief**", ECF 200).[1] The Motion for Relief is set for hearing on December 15, 2025. To date, no party has responded to the Motion for Relief.

2. After filing the Motion for Relief, O-USA advised all counsel that Nick Swinea would be O-USA's witness at the hearing and that he was available to be deposed on December 8, 2025, in connection with the Motion for Relief.

3. The Motion for Relief requests simply that the automatic stay be terminated because (i) O-USA has no written agreement with Debtor; (ii) O-USA cannot be expected to continue to service Debtor's portfolio without compensation; (iii) neither O-USA nor the Trustee

---

[1] The Motion was Amended on December 1, 2025, to correct a misnomer in the movants.

11759434

presently have the authority to perform critical tasks to preserve the value of Debtor's portfolio; (iv) despite the best efforts of O-USA and the Trustee, a solution has not materialized; (v) both the Texas Plaintiffs and the Receiver vigorously assert that O-USA should provide value to the estate for free; and (vi) O-USA should not be exposed to potential liability for any loss in the value of Debtor's portfolio. From O-USA's perspective, the following factual statements in the Motion for Relief are uncontested:

- O-USA has no written Master Servicing Agreement with Debtor;

- O-USA has been servicing Debtor's portfolio in good faith without compensation since the petition date;

- O-USA has provided the Trustee regular updates regarding servicing issues that must be addressed to maintain the value of Debtor's portfolio;

- Through its servicing efforts, O-USA has paid the estate approximately $2.5 million since the petition date, of which $1.3 million has been paid to 2 secured creditors, including $1.175 million to the Receiver;

- O-USA has been negotiating a Master Servicing Agreement with the Trustee since shortly after the petition date;

- The Texas Plaintiffs and the Receiver vehemently object to O-USA being paid for its post-petition services to the estate; and

- The Trustee believes that O-USA should be paid the reasonable value of its post-petition services to the estate.

4. The issues raised by the Motion for Relief are significant but in no way open the door to the overreaching burdensome discovery requests that are the subject of this Motion  The discovery sought by the Receiver and the Texas Plaintiffs on 3 business days' notice is nothing more than a transparent attempt to harass O-USA and use the Motion for Relief as an opportunity, on short notice,  to obtain discovery that they have not heretofore requested relating to their pending lawsuits and proofs of claims.

11759434

*The Discovery Requests*

5. On December 2, 2025, Royal Lea, counsel for the Receiver, served the Notice of Deposition (the "**Receiver's Notice**") that is attached hereto as <u>Exhibit A</u>. Subsequent attempts to narrow the scope of the Receiver's Notice were unsuccessful. Later in the day on December 2, 2025, Randy Pullman, counsel for the Texas Plaintiffs, served the Notice of Deposition (the "**Texas Plaintiffs' Notice**") that is attached hereto as <u>Exhibit B</u>. Subsequent attempts to narrow the scope of the Texas Plaintiffs' Notice were unsuccessful.

*The Receiver's Discovery Requests*

6. The Receiver's Notice requests no documents but requests O-USA to present a corporate representative to testify with respect to 9 subject areas. Subjects 1 and 2 are not objected to. However, the remaining topics date back to 2021 and have nothing to do with the relief requested in the Motion for Relief. In addition, the topics are clearly so intentionally broad that they would require multiple witnesses to be designated over multiple days to address them.

*The Texas Plaintiffs' Discovery Requests*

7. The Texas Plaintiffs submitted a Notice that was even more broad. It requests that prior to December 8, 2025, O-USA produce 23 separate categories of documents dating back as far as 2018. It further requests that O-USA designate a witness to testify with respect to 17 topics – again dating back as far as 2018. With the exception of a few document requests and topics that are discussed below, none of these are remotely related to the Motion for Relief.

*The End Run Around Conventional Discovery*

8. The Receiver and the Texas Plaintiffs are attempting to use Mr. Swinea's narrow deposition on the Motion for Relief to seek discovery with respect to pre-petition issues which

11759434

are already the subject of the proofs of claim filed by the Receiver and the Texas Plaintiffs and two pending cases:

- *Musgrove, et al. v. Willy, et al.*, Case No. 2023CI22575 in the 438th District Court, Bexar County, Texas (the "**Texas Litigation**"); and

- *Musgrove, et al. v. Willy, et al.*, Adversary Case No.25-05047 in the United States Bankruptcy Court for the Western District of Texas, San Antinio Division (the "**Adversary**").

9. The discovery sought by the Texas Plaintiffs' Notice can and should be conducted in the Texas Litigation. Both the Texas Plaintiffs and the Receiver sought remand following the removal of the Texas Litigation. The Texas Plaintiffs obtained partial remand and are now relegated to the discovery process in their chosen forum. In fact, much of the discovery requested in the Texas Plaintiffs' Notice is the same discovery sought in the Texas Litigation. The Texas Litigation is progressing and has a trial date of October 2026. There is a Docket Control Order in place and discovery, although open, has been slowed by the Texas Plaintiffs' decision to add approximately 12 new parties following remand.

10. The Receiver's request for remand was substantially denied but the Receiver still has the ability to take discovery in the Adversary. To date, the Receiver has sought no such discovery in the Adversary.

11. This bankruptcy case has been pending since June 2025. Between June 2025 and December 2025, both the Receiver and Texas Plaintiffs had ample opportunity to seek a 2004 examination of O-USA but did not do so. Their sudden urgency for extensive discovery is unjustified, inequitable and smacks of bad faith.

*Meet and Confer*

11759434

12. Prior to filing this Motion, the undersigned conferred with Mr. Lea and agreed that Mr. Swinea would testify with respect to topics 1 and 2 of the Receiver's Notice but not the remainder. No agreement was reached.

13. The undersigned also conferred with Mr. Pullman and offered (i) O-USA will produce documents responsive to requests 5, 6, 13 and 15 (already provided); and (ii) Mr. Swinea will testify with respect to topics 3 (2025 only) 15, 16 (2025 only) and 17 (2025 only). No agreement could be reached.

14. The Motion for Relief seeks narrow relief and may not be used by the Receiver or the Texas Plaintiffs to make up for their failure to obtain discovery in their chosen forums or under Rule 2004. Accordingly, a protective order under Rule 26(c) of the Federal Rules of Civil Procedure and Local Bankruptcy Rule 7026 is necessary to protect O-USA from annoyance, oppression, undue burden, and expense.

WHEREFORE, O-USA respectfully requests that the Court enter a protective order as requested herein, award O-USA it costs and attorneys' fees and award O-USA such other and further relief to which it may be entitled.

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Michael P. Ridulfo*
Michael P. Ridulfo
State Bar No. 16902020
5151 San Felipe, Suite 800
Houston, Texas 77056
Ph: (713) 425-7400
Fax: (713) 425-7700
Email: mridulfo@krcl.com

*Counsel for Oliphant USA, LLC*

11759434

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on December 2 and 3. 2025, he conferred with Messrs. Lea and Pullman with respect to this Motion. No agreement could be reached.

/s/ *Michael P. Ridulfo*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties on the attached Master Service List either electronically via the Court's ECF system, via email or via United States First Class Mail on December 3, 2025.

/s/ *Michael P. Ridulfo*

11759434