# EXHIBIT A

**IN THE UNITED STATES BANRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | Case No. 25-51660-CAG |
| COLLINS ASSET GROUP, LLC, | § | |
| | § | Chapter 7 |
| Debtor. | § | |

## NOTICE OF DEPOSITION

Please take Notice that pursuant to the Federal Rules Civil Procedure, John Patrick Lowe in his capacity as State Court appointed Receiver of Ferrum and Ferrum IV, LLC, will take the oral deposition of Oliphant USA, LLC ("OUSA") commencing on **December 8, 2025, at 2:00 p.m. central time in the offices of Kane Russell Coleman Logan, Frost Bank Tower, 401 Congress Avenue, Suite 2100, Austin, Texas 78701 (and if, for any reason, that time is not available for counsel or the witness(es), at another time available for counsel and the witness(es) on December 9, 11, or 12, 2025, at the same location)**.

The deposition shall be taken before a court reporter or another officer authorized by law to administer oaths and may be videotaped. The deposition shall be taken for the purpose of securing and preserving testimony for use at the hearing on the Amended Motion of OUSA for Relief from Automatic Stay in this case and for all other purposes allowed by law. The deposition will be conducted according to the Federal Rules of Civil Procedure.

The topics for the deposition are stated in Exhibit A with this Notice. OUSA is directed to designate its representative(s) who is/are knowledgeable, well informed, and

authorized to testify on those topics and to cause the representative(s) to appear for and testify at the deposition.

Counsel for the Receiver expects counsel for OUSA, the witness(es), counsel for other interested parties, a court reporter, and videographer to attend the deposition. Counsel for the Receiver is not aware of anyone else who will attend the deposition.

        Respectfully submitted,

ROYAL LEA LAW OFFICE PLLC
1901 NW Military Hwy, Ste. 218
San Antonio, Texas 78213
(210) 202-2395 Telephone
royal@royallealaw.com

By: */s/ Royal B. Lea, III*
    ROYAL B. LEA, III
    State Bar No. 12069680

*COUNSEL FOR JOHN PATRICK LOWE, in his capacity as Court Appointed Receiver*

## Certificate of Service

I hereby certify that on December 2, 2025, I have caused a true and correct copy of the above and foregoing to be served on the following as indicated below:

*Via E-Mail: lynn.butler@huschblackwell.com*
Lynn Hamilton Butler
Husch Blackwell LLP
111 Congress Avenue Ste 1400
Austin, TX 78701

*Via E-Mail: rsatija@haywardfirm.com*
Ron Satija
Chapter 7 Trustee
PO Box 660208
Austin, TX 78766

*Via E-Mail: dbehrends@dykema.com; ddouglas@dykema.com*
Danielle Rushing Behrends
Dominique Douglas
Dykema Gossett, PLLC
112 E Pecan St, Suite 1800
San Antonio, TX 78205

*Via E-Mail: aubrey.thomas@usdoj.gov*
Aubrey L. Thomas
Office of the US Trustee, Region 7
615 E. Houston St. Suite 533
San Antonio, TX 78205

*Via E-Mail: USTPRegion07.SN.ECF@usdoj.gov*
United States Trustee - SA12
615 E Houston, Suite 533
San Antonio, TX 78205

*Via E-Mail: bkecf@traviscountytx.gov*
Jason A. Starks
Travis County Attorney's Office
PO Box 1748
Austin, TX 78767

*Via E-Mail: agbanktexas@ag.tn.gov*
Stephen R Butler
Office of the Tennessee AG
500 Charlotte Ave
P.O. BOX 20207
Nashville, TN 37202-0207

*Via E-Mail: rpulman@pulmanlaw.com; spulman@pulmanlaw.com; kalleyne@pulmanlaw.com*
Randall A. Pulman
Shari Pulman
Kerry Alleyne-Simmons
Pulman LeFlore Pullen & Reed LLP
2161 NW Military Hwy, Ste. 400
San Antonio, Texas 78213

*Via E-Mail: pat.lowe.law@gmail.com*
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

*Via E-Mail: cdonnelly@morrisjames.com; emonzo@morrisjames.com*
Christopher M. Donnelly
Eric J. Monzo
Morris James LLP
500 Delaware Avenue Ste 1500
Wilmington, DE 19801

*Via E-Mail: mridulfo@krcl.com*
Michael P. Ridulfo
Kane Russell Coleman Logan
5151 San Felipe, Suite 800
Houston, TX 77056

*Via E-Mail: arogers@krcl.com*
Abigail Rogers
Kane Russel Coleman Logan PC

*Via E-Mail:*
*david.whittlesey@aoshearman.com*
David Philip Whittlesey
Allen Overy Shearman Sterling US LLP
300 W. 6th Street Ste 2250
Austin, TX 78701

401 Congress Avenue Suite 2100
Austin, TX 78701

*Via E-Mail:*
*lottenheimer@olawgroup.com*
Lester A. Ottenheimer, III
Ottenheimer Law Group, LLC
750 Lake Cook Road Suite 160
Buffalo Grove, IL 60089

    */s/ Royal B. Lea, III*
    ROYAL B. LEA, III

**EXHIBIT A**

The representative(s) of Oliphant USA, LLC should be well informed, knowledgeable, and authorized to testify for Oliphant USA, LLC (below, "OUSA") on these topics:

1. What OUSA does in what it calls "servicing."

2. Why OUSA wants or needs relief from the stay.

3. The actual expenses OUSA has incurred, advanced, or paid in servicing the portfolio referred to in its Amended Motion for Relief from Stay since 2021, how OUSA has recorded those expenses, the location and method for storing the documents showing those expenses, and the reports that summarize and account for those expenses. The Receiver requests the documents be produced at a reasonable time before the deposition.

4. The income or loss OUSA has recorded from servicing the portfolio referred to in its Amended Motion for Relief from Stay since 2021.

5. The Cherry Bekeart report. The Receiver asks that this report be produced at a reasonable time before the deposition.

6. Whether OUSA contends that Ferrum Capital (or the Receiver for Ferrum Capital) ever agreed to any change or modification with the Debtor or OUSA to the terms stated in the attachments to this Exhibit A, who OUSA contends agreed to the change or the modification for Ferrum Capital, when the agreement was made, whether the change or amendment is reflected in a writing, who agreed to the change or modification for CAG or OUSA. If OUSA contends there is a writing reflecting an agreement to such a change or modification, the Receiver asks that it be produced at a reasonable time before the deposition.

7. Whether there are records on collections on the portfolio on a package-by-package basis since August 2023 and the actual costs of those collections. If there are such records, the Receiver asks that they be produced at a reasonable time before the deposition.

8. Aggregate collections on or from the portfolio in 2024 and how much money OUSA owes CAG, Ferrum Capital, and the Heller Parties from collections in 2024 and how OUSA arrives at those amounts. If there are records or documents reporting the aggregate collections or the amounts owed to CAG, Ferrum capital, or the

Page **1** of 2

      Heller Parties, the Receiver asks that the documents be produced at a reasonable time before the deposition.

9. How much OUSA owes CAG on or for intercompany debts or advances or loans or payables to CAG.

**Jennifer McLaughlin**

| | |
|---|---|
| **From:** | Sharon Larrabee <slarrabee@collinsassetgroup.com> |
| **Sent:** | Wednesday, November 15, 2017 12:33 PM |
| **To:** | Charles Natkins; Michael Crossan |
| **Cc:** | Michael Crossan |
| **Subject:** | RE: Walt Collins-Collins Asset Group-Sill & Associates, LLC- Purchased Assets Pools & Fees |

For this email it would be Ferrum Capital...I meant.

Sharon Larrabee
Collins Asset Group, LLC
5725 Hwy. 290 W., Suite 103
Austin, TX 78735
(512) 865-4160 Direct

**From:** Sharon Larrabee
**Sent:** Wednesday, November 15, 2017 12:28 PM
**To:** Charles Natkins; Michael Crossan
**Cc:** Michael Crossan
**Subject:** RE: Walt Collins-Collins Asset Group-Sill & Associates, LLC- Purchased Assets Pools & Fees

Should I create a file for Sills and Associates on the AUSFile01 network and place this email in there?

Sharon Larrabee
Collins Asset Group, LLC
5725 Hwy. 290 W., Suite 103
Austin, TX 78735
(512) 865-4160 Direct

**From:** Walt Collins
**Sent:** Wednesday, November 15, 2017 12:25 PM
**To:** Sharon Larrabee
**Cc:** Charles Natkins; Michael Crossan
**Subject:** Fwd: Walt Collins-Collins Asset Group-Sill & Associates, LLC- Purchased Assets Pools & Fees

SL, this acceptance should be placed in the appropriate file. Ask the fellows for guidance if needed. 2 more to follow.

Sent from my iPhone

Begin forwarded message:

> **From:** Mike Cox <mike@mlcfinancialinc.com>
> **Date:** November 15, 2017 at 11:28:19 AM CST
> **To:** Walt Collins <wcollins@collinsassetgroup.com>
> **Cc:** Joshua Allen <joshuaallen78@yahoo.com>
> **Subject: Re: Walt Collins-Collins Asset Group-Sill & Associates, LLC- Purchased Assets Pools & Fees**

1

We accept the Master Pool agreement.

Mike and Josh

Sent from my iPhone

On Nov 13, 2017, at 4:17 PM, Walt Collins <wcollins@collinsassetgroup.com> wrote:

> Fellows, I sent this memo to you 10/26 to provide a clear understanding of CAG's fees. Please respond with your acceptance, or call with any questions you may have. Thank you. Walt
>
> ---
>
> **From:** Sharon Larrabee
> **Sent:** Monday, November 13, 2017 3:58 PM
> **To:** Walt Collins
> **Subject:** FW: Walt Collins-Collins Asset Group-Sill & Associates, LLC- Purchased Assets Pools & Fees
>
> Sharon Larrabee
> Collins Asset Group, LLC
> 5725 Hwy. 290 W.., Suite 103
> Austin, TX 78735
> (512) 865-4160 Direct
>
> ---
>
> **From:** Sharon Larrabee
> **Sent:** Thursday, October 26, 2017 4:51 PM
> **To:** 'A W Smith'
> **Subject:** Walt Collins-Collins Asset Group-Sill & Associates, LLC- Purchased Assets Pools & Fees
>
> I am formalizing my understanding of our discussion regarding combining all purchased assets into one overall 'pool' for purposes of maximum diversification. 'Collins Asset Group LLC' (CAG) will borrow from 'Sill & Associates, LLC ' on the basis of each of 'Sill & Associates's' individually agreed upon programs and sign a note accordingly. However, it is understood, again, for diversification purposes, that all assets acquired will be placed in one 'Master Pool' providing the collateral for each of 'Sill & Associates's' individual programs.
>
> Regarding CAG Fees: CAG's fees will not exceed 50% of the gross recovered revenue, i.e., $1,000 recovered, no more than $500 paid to CAG in recovery fees. In the unusual event that a greater recovery fee is required CAG will contact the lender with an explanation and seek approval.

2

CAG will frequently 'outsource' accounts to law firms, nationwide, for suit. The law firm will charge, traditionally, in a range of 25% to 35% depending on myriad factors. These fees are not in addition to CAG's fees. Example: CAG has a fee of 50%. CAG outsources to a law firm charging 30%. That 30% comes from CAG's gross fee of 50%; 30% law firm, 20% CAG. To defray the cost of the asset acquisitions process, and once they are acquired, the cost to prepare the assets for recovery, including the obligatory lettering of all accounts, skip tracing (locating the debtor), and scoring each account's collectibility, CAG will increase the basis of the acquired assets by 10%. Example: Assets purchased for .02 (2 cents) will be increased to .022 (2.2 cents).

CAG will acquire, primarily, consumer assets of all type, certain commercial loans, underwrite consumer and business loans, and participate in any other opportunities for CAG's 'Lender' spelled out in the 'Loan Agreement'.

If you have questions please contact me. If we are in agreement please return this e-mail with your acceptance.

Walt Collins, CEO


Sharon Larrabee
Collins Asset Group, LLC
5725 Hwy. 290 W., Suite 103
Austin, TX 78735
(512) 865-4160 Direct

**Walt Collins**

| | |
|---|---|
| From: | Walt Collins |
| Sent: | Thursday, October 26, 2017 4:24 PM |
| To: | joshua@allenfinancialagency; mike@mlcfinancialinc.com |
| Subject: | Memorandum of Understanding |

I am formalizing my understanding of our discussion regarding combining all purchased assets into one overall 'pool' for purposes of maximum diversification. 'Collins Asset Group LLC' (CAG) will borrow from 'Ferrum Capital LLC' on the basis of each of 'Ferrum Capital's' individually agreed upon programs and sign a note accordingly. However, it is understood, again, for diversification purposes, that all assets acquired will be placed in one 'Master Pool' providing the collateral for each of 'Ferrum Capital's' individual programs.

Regarding CAG Fees: CAG's fees will not exceed 50% of the gross recovered revenue, i.e., $1,000 recovered, no more than $500 paid to CAG in recovery fees. In the unusual event that a greater recovery fee is required CAG will contact the lender with an explanation and seek approval.
CAG will frequently 'outsource' accounts to law firms, nationwide, for suit. The law firm will charge, traditionally, in a range of 25% to 35% depending on myriad factors. These fees are not in addition to CAG's fees. Example: CAG has a fee of 50%. CAG outsources to a law firm charging 30%. That 30% comes from CAG's gross fee of 50%; 30% law firm, 20% CAG.
To defray the cost of the asset acquisitions process, and once they are acquired, the cost to prepare the assets for recovery, including the obligatory lettering of all accounts, skip tracing (locating the debtor), and scoring each account's collectibility, CAG will increase the basis of the acquired assets by 10%. Example: Assets purchased for .02 (2 cents) will be increased to .022 (2.2 cents).

CAG will acquire, primarily, consumer assets of all type, certain commercial loans, underwrite consumer and business loans, and participate in any other opportunities for CAG's 'Lender' spelled out in the 'Loan Agreement'.

If you have questions please contact me. If we are in agreement please return this e-mail with your acceptance.

Walt Collins, CEO



Δπ EXHIBIT 4
Deponent Walt Collins
Date 4/24/25 Rptr. A.C.
WWW.DEPOBOOK.COM

Defts Exhibit 6

1

CAG-oliphant 01650