**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7: |
| | § | |
| COLLINS ASSET GROUP, LLC | § | CASE NO. 25-51660 |
| DEBTOR | § | |
| | § | |
| | § | |

## OBJECTION BY OLIPHANT, INC., OLIPHANT FINANCIAL, LLC AND OLIPHANT USA, LLC TO PROOF OF CLAIM OF JUDY MUSGROVE

Oliphant, Inc., Oliphant Financial, LLC and Oliphant USA, LLC (collectively the "Oliphant Entities") pursuant to 11 U.S.C. §502(a), Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007 file this *Objection* (the "Objection") *to Proof of Claim of Judy Musgrove* ("Musgrove") and in support hereof respectfully state as follows:

### A. BACKGROUND

1. On or about September 26, 2025, Musgrove filed Proof of Claim No. 62 (the "Musgrove Claim").[1]

2. On or about September 29, 2025, Oliphant, USA, LLC filed Proof of Claim No. 142, Oliphant Financial, LLC filed Proof of Claim No. 143 and Oliphant, Inc. filed Proof of Claim 144. As part of their Third Amended Complaint in Adversary No. 25-05047, Plaintiffs objected to the

---

[1] Musgrove is one of 74 claimants (the "Plaintiffs") who have filed, with the exception of the claimant and claim amount, virtually identical Proofs of Claim. Contemporaneously herewith, the Oliphant Entities are filing a Motion to for Leave to Amend their Answer to the Third Amended Complaint in the Adversary Proceeding pending in this Court styled *Musgrove, et al. v. Willy, et al.*, Case No. 25-05047 (the "Adversary") to assert claim objections with respect to all of Plaintiffs' Proofs of Claim. This Objection addresses the claims asserted by Musgrove in her Proof of Claim. To the extent the Court determines that Musgrove's additional claims asserted against CAG in her Third Amended Complaint in the Adversary are effectively amendments to her Proof of Claim, the Oliphant Entities reserve the right to amend this Objection.

Proofs of Claim of the Oliphant Entities.

### B. SUMMARY OF OBJECTION

3. Section 502(a) of the Bankruptcy Code provides that a Proof of Claim is deemed allowed unless objected to by a party in interest. The Oliphant Entities, having filed Proofs of Claim against Debtor, are clearly parties in interest.

4. The Oliphant Entities object to the Musgrove Claim on the following grounds:

   a. The CAG/FC Note is not a security under applicable law;

   b. The Musgrove Claim contains insufficient facts and documentation to support a finding that the CAG/FC Note is a security under applicable law;

   c. CAG was not a seller, offeror or issuer of the CAG/FC Note to Musgrove;

   d. The Musgrove Claim contains insufficient facts and documentation to support a finding that CAG was a seller, offeror or issuer of the CAG/FC Note;

   e. CAG was not a seller, offeror or issuer of the FC/Investor Note to Musgrove;

   f. The Musgrove Claim contains insufficient facts and documentation to support a finding that CAG was a seller, offeror or issuer of the FC/Investor Note to Musgrove;

   g. CAG was not a control person of Ferrum;

   h. The Musgrove Claim contains insufficient facts and documentation to support a finding that CAG was a control person of Ferrum;

   i. CAG is not in privity of contract with Musgrove;

   j. Musgrove lacks standing to pursue a claim against CAG for alleged non-payment of the CAG/FC Note;

   k. Musgrove is not a third-party beneficiary of the CAG/FC Note;

   l. The Musgrove Claim contains insufficient facts and documentation to support a finding that Musgrove is a third-party beneficiary of the CAG/FC Note;

   m. The Musgrove Claim contains insufficient facts and documentation to support a fraud claim against CAG; and

n.  The remedies requested in the Musgrove Claim are not supported by the facts and documentation alleged in the Musgrove Claim or applicable law.

**C.  COUNTS I-III OF THE MUSGROVE CLAIM (SECURITIES BASED CLAIMS)**

5.  In support of their objection to Counts I-III of the Musgrove Claim, the Oliphant Entities attach hereto as <u>Exhibit 1</u> and incorporate by reference their *Response to Plaintiffs' Motion for Partial Summary Judgment* (the "MSJ Response") which will be filed in the Adversary immediately following the filing of this Objection.  More specifically, with respect to  (i) whether the CAG/FC Note is a security under applicable law; (ii) whether CAG was a seller, offeror or issuer of the CAG/FC Note to Musgrove; (iii) whether CAG was a seller, offeror or issuer of the FC/Investor Note to Musgrove; (iv) whether CAG was a control person of Ferrum; and (v) the lack of privity of contract between CAG and Musgrove, please MSJ Response ¶s 1 – 8 and 18 - 40.

6.  With respect to the failure of Counts I-III of the Musgrove Claim to be supported by sufficient facts and documentation, there are simply no facts or documentation attached to the Musgrove Claim that support Counts I-III.  To the extent the facts recited, and Exhibits attached to Plaintiffs' Motion for Partial Summary Judgment in the Adversary are intended to supplement the Musgrove Claim, please see MSJ Response ¶s 9 - 17.

**D.  COUNT IV OF THE MUSGROVE CLAIM (BREACH OF CONTRACT)**

7.  The Oliphant Entities' objection to Count IV of the Musgrove must be sustained for the simple reason that there is no contract between Musgrove and CAG. Musgrove likely has a claim against Ferrum regarding the FC/Investor Note but that claim cannot be asserted against CAG.  Accordingly, Musgrove has no standing to seek repayment of the CAG/FC Note from CAG. Similarly, any claim for recovery based on the CAG/FC Note is held by Ferrum's Receiver. *See*

Receiver Proof of Claim 19-1.[2]

8. Nor is Musgrove a third-party beneficiary of the CAG/FC Note. This is a question of Texas state law. As stated in *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017):

.

- The benefits and burden of a contract are between the two parties in privity to the contract unless it is established that a person qualifies as a third-party beneficiary;

- Whether a party is a third-party beneficiary depends on the intent of the contracting parties to secure a benefit to a third party;

- To determine if the contracting parties intended to directly benefit a third party and entered into the contract for that purpose, the courts must look solely to the contract's language, construed as a whole;

- The contract must include a "a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party";

- Implied intent to create a third-party beneficiary is insufficient and courts may not presume the necessary intent; and

- If the language of the contract leaves any doubt as to the intent of the parties to benefit to a third party, courts construe the contract against conferring third-party beneficiary status.

9. The Musgrove Claim simply presents no facts or documentation to support that Musgrove is a third-party beneficiary of the CAG/FC Note. The CAG/FC Note attached as Ex. 2 to the Musgrove Claim contains no clear and unequivocal expression of the contracting parties' intent to directly benefit a third party.

### E. COUNT V OF THE MUSGROVE CLAIM (FRAUD)

10. The Musgrove Claim fails to satisfy even the most basic rules for pleading or alleging fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud be plead with particularity -- this includes the who, what, where and when of the alleged fraudulent conduct.

---

[2] The Oliphant Entities do not concede that the Receiver's Proof of Claim should be allowed but it clear that it is the Receiver's position that it holds the claim for recovery of the CAG/FC Note.

The Fifth Circuit interprets Rule 9(b) strictly, applying the rule with force. *First v. Rolling Plains Implement Co.*, 108 F.4th 262, 271 (5th Cir. 2024). Fraud allegations must be plead with specificity requiring the who, what, when, where and how to be laid out. *Id.*; *see also Perrotta v. Bank of Am. Nat'l Ass'n,* No. 24-50948, 2025 U.S. App. LEXIS 31466, at *11 (5th Cir. Dec. 2, 2025) (we interpret Rule 9(b) to require a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements are fraudulent). The allegations supporting Count V of the Musgrove Claim fall woefully short of meeting this standard.

### F. COUNT VI (REMEDIES)

11. For the reasons stated above, the remedies sought in the Musgrove Claim are meritless and unavailable.

### G. PRAYER

WHEREFORE, for the reasons stated above the Oliphant Entities respectfully request that the Court sustain this Objection and grant them such other and further relief to which they may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Michael P. Ridulfo*
Michael P. Ridulfo
State Bar No. 16902020
mridulfo@krcl.com
5151 San Felipe, Suite 800
Houston, Texas 77056
Phone: (713) 425-7400
Fax: (713) 425-7700
**Attorneys for Oliphant, Inc.,**
**Oliphant Financial, LLC and**
**Oliphant USA, LLC**

## CERTIFICATE OF CONFERENCE

By e-mail exchange on March 11, 2026, counsel for Musgrove and the Chapter 7 Trustee each advised that they would need to review this pleading before advising if it is opposed.

*/s/ Michael P. Ridulfo*
Michael P. Ridulfo

## CERTIFICATE OF SERVICE

This is to certify that on March 12, 2026, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system.

*/s/ Michael P. Ridulfo*
Michael P. Ridulfo